**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ADVANCED CARTRIDGE
TECHNOLOGIES, LLC,
a Florida limited liability company,    **INJUNCTIVE RELIEF REQUESTED**
                                     **JURY TRIAL REQUESTED**

        Plaintiff,

    vs.                                **CASE NO:**

LEXMARK INTERNATIONAL, INC.,
a Delaware corporation,

        Defendant.
_____/

**COMPLAINT FOR PATENT INFRINGEMENT
AND FALSE PATENT MARKING**

Plaintiff ADVANCED CARTRIDGE TECHNOLOGIES, LLC, through counsel, brings this Complaint for patent infringement against Defendant LEXMARK INTERNATIONAL, INC., and alleges as follows:

**PARTIES**

1.    Plaintiff is a Florida limited liability company having its principal headquarters Tampa, Florida.

2.    Defendant is a Delaware corporation having its principal headquarters in the state of Kentucky and regularly conducting substantial and not isolated business in this judicial district, including the sale of infringing articles in this district and division.

## JURISDICTION AND VENUE

3.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This is also an action for false patent marking under 35 U.S.C. § 292.  This Court has exclusive jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

5.      Defendant regularly conducts significant business in this judicial district and division, engages in the infringing conduct herein complained of in interstate commerce, including within this judicial district and division, and offers and sells products having false patent markings within this judicial district and division.

## FACTUAL BACKGROUND

6.      United States Patent No. 7,113,710 for "STRUCTURE PREVENTING THE USE OF AN UNAUTHORIZED CIRCUIT BOARD" ("the '710 Patent") issued on September 26, 2006 and was subsequently assigned to Plaintiff.  A copy of the '710 Patent is attached as Exhibit A.

7.      Defendant has, without license or authorization, made, used, offered for sale, sold, and/or imported toner cartridge products, including toner cartridges and cartridge components for the Lexmark T64x and X64x families of imaging devices and related private label models ("64x Products"), that infringe

the '710 Patent, and/or contribute to and induce infringement of the '710 Patent.

8.      Upon information and belief, prior to developing the 64x Products, Defendant examined a toner cartridge product marked "patent pending" that incorporated the invention set forth in the '710 Patent, and intentionally copied the invention in 64x Products.

9.      Upon information and belief, Defendant has willfully infringed the '710 Patent.

10.     Products sold under the '710 Patent have been marked in accordance with 35 U.S.C. § 287.

11.     United States Patent No. 7,257,356 for "ERGONOMIC TONER CARTRIDGE" ("the '356 Patent") issued on August 14, 2007 and was subsequently assigned to Plaintiff.   A copy of the '356 Patent is attached as Exhibit B.

12.     Defendant has, without license or authorization, made, used, offered for sale, sold, and/or imported toner cartridge products, including 64x Products, that infringe the '356 Patent, and/or contribute to and induce infringement of the '356 Patent.

13.     Upon information and belief, prior to developing the 64x Products, Defendant examined a toner cartridge product marked "patent pending" that incorporated the invention set forth in the '356 Patent, and intentionally copied the invention in 64x Products.

14.     Upon information and belief, Defendant has willfully infringed the

'356 Patent.

15.    Products sold under the '356 Patent have been marked in accordance with 35 U.S.C. § 287.

16.    United States Patent No. 7,643,773 for "USER-FRIENDLY IMAGING CARTRIDGE" ("the '773 Patent") issued on January 5, 2010 and was subsequently assigned to Plaintiff.   A copy of the '773 Patent is attached as Exhibit C.

17.    Defendant has, without license or authorization, made, used, offered for sale, sold, and/or imported toner cartridge products, including 64x Products and toner cartridges and cartridge components for the Lexmark T65x and X65x families of imaging devices and related private label models ("65x Products"), that infringe the '773 Patent, and/or contribute to and induce infringement of the '773 Patent.

18.    Upon information and belief, prior to developing the 64x Products and 65x Products, Defendant examined a toner cartridge product marked "patent pending" that incorporated the invention set forth in the '773 Patent, and intentionally copied the invention in 64x Products and 65x Products.

19.    Upon information and belief, Defendant has willfully infringed the '773 Patent.

## COUNT I
## PATENT INFRINGEMENT
## UNITED STATES PATENT NOS. 7,113,710; 7,257,356; 7,643,773

20.    Plaintiff repeats and realleges paragraphs 1-19, and restates them

as though fully set forth herein.

21.     Count I is an action by Plaintiff against Defendant for monetary damages and injunctive relief for Defendant's direct infringement, contributory infringement, and/or induced infringement of the '710 Patent, the '356 Patent, and the '773 Patent ("the Asserted Patents").

22.     Plaintiff owns the Asserted Patents and has standing to sue for infringement of the Asserted Patents.

23.     Defendant is directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the Asserted Patents through, among other activities, making, using, offering to sell, and selling in the United States, and/or importing into the United States, without authorization or license, the 64x Products and 65x Products.

24.     Plaintiff has suffered a compensable injury by reason of Defendant's infringements of the Asserted Patents, and will suffer an irreparable injury unless Defendant's infringing activities are not preliminarily and then permanently enjoined.

25.     Defendant is on notice of the Asserted Patents pursuant to 35 U.S.C. § 287.

26.     Upon information and belief, Defendant's infringing conduct was willful and in bad faith justifying an award of treble damages under 35 U.S.C. § 284, and making this an exceptional case under 35 U.S.C. § 285 justifying an award of attorney's fees.

27.     Plaintiff was forced to retain counsel to bring this lawsuit to protect its valuable intellectual property rights in the Asserted Patents, and has incurred and will incur a significant amount of expense to prosecute this suit on account of Defendant's actions.

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant, granting the following relief:

A.     An award of damages, together with interest and costs for infringement of each of the Asserted Patents, under the Patent Act, including without limitation, 35 U.S.C. § 284;

B.     Treble damages under 35 U.S.C. § 284;

C.     An award to Plaintiff of its attorney's fees under 35 U.S.C. § 285;

D.     A preliminary and permanent injunction prohibiting further infringement of each of the Asserted Patents under 35 U.S.C. § 283;

E.     An order impounding all products that infringe the Asserted Patents and requiring the recall of said products from any manufacturer, distributor, wholesaler, or retailer and delivery to the Plaintiff or its counsel;

F.     That Defendant be required to provide an accounting of all sales to determine the amount of profits and unjust enrichment it has received from its infringing actions; and

G.     Such other and further relief as this Court deems proper and just.

## COUNT II
## FALSE PATENT MARKING PURSUANT TO 35 U.S.C. § 292

28.     Plaintiff repeats and realleges paragraphs 1-5, and restates them

6

as though fully set forth herein.

29.    This is a claim for false marking under Title 35, Section 292, of the United States Code.

30.    Defendant marks patent numbers on toner cartridge products for imaging devices including, without limitation, toner cartridge products for the Lexmark T65x family of imaging devices, Lexmark X65x family of imaging devices, Lexmark T64x family of imaging devices, Lexmark X64x family of imaging devices, Lexmark T63x family of imaging devices, Lexmark X63x family of imaging devices, Lexmark T62x family of imaging devices, Lexmark X62x family of imaging devices, Lexmark T61x family of imaging devices, Lexmark T52x family of imaging devices, Lexmark X52x family of imaging devices, Lexmark T43x family of imaging devices, Lexmark T42x family of imaging devices, Lexmark X42x family of imaging devices, Lexmark Optra M imaging devices, Lexmark Optra S imaging devices, Lexmark Optra Se imaging devices, and all related private label models ("Cartridge Products").

31.    Defendant knows, or reasonably should know, that the Cartridge Products are not covered by at least one valid claim of each patent marked thereon.

32.    Defendant knows, or reasonably should know, that marking the Cartridge Products with patents that do not cover the Cartridge Products, or patents that are invalid or expired, will deceive the public.

33.    Defendant knows, or reasonably should know, that marking

Cartridge Products with patents that do not cover the Cartridge Products, or patents that are invalid or expired, is a violation of 35 U.S.C § 292.

34.     Upon information and belief, the Cartridge Products are marked with patent numbers that do not cover the Cartridge Products, or patent numbers of invalid or expired patents, for the purpose of deceiving the public into believing that the Cartridge Products are covered or protected by each of the listed patents.

35.     Each time Defendant intentionally marks an article with a patent that does not cover the article, or a patent that is invalid or expired, such as described above, Defendant commits at least one "offense," as defined in 35 U.S.C. § 292.

36.     Defendant has sold a substantial number of Cartridge Products having false patent markings.

37.     Defendant's acts of false marking are likely to discourage and/or inhibit competition for the manufacture and sale of toner cartridges to the detriment of Plaintiff, and allow Defendant to demand excessive prices for Cartridge Products offered to the public.

WHEREFORE, Plaintiff asks this Court to enter judgment against Defendant, granting the following relief:

A.     Enter a judgment finding Defendant violated 35 U.S.C. §292;

B.     Enter a judgment fining Defendant not more than $500 per offense under 35 U.S.C. §292, and directing Defendant to pay half of the imposed fine to

the United States government and the other half to Plaintiff; and

C.     For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable, presented in this Complaint.

Respectfully submitted February 22, 2010.

_____
Jeffrey S. Boyles
Florida Bar #722308
jboyles@addmg.com
Brian R. Gilchrist
Florida Bar #0774065
bgilchrist@addmg.com
ALLEN, DYER, DOPPELT,
MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, #1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone:   (407) 841-2330
Facsimile:    (407) 841-2343

Michael E. Marder
Florida Bar #251887
Michael.Marder@gmlaw.com
GREENSPOON MARDER, P.A.
Attorney for Plaintiff
Capital Plaza I, Suite 500
201 East Pine Street
Orlando, Florida 32801
Telephone:   (407) 425-6559
Facsimile:    (407) 563-9653

**Attorneys for Plaintiffs**