UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED CARTRIDGE
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                        CASE NO: 8:10-cv-486-T-23TGW

LEXMARK INTERNATIONAL, INC.,

    Defendant.
_____/

**ORDER**

The plaintiff sues Lexmark International, Inc., for patent infringement and "false patent marking" actionable under 35 U.S.C. § 292. Moving (Doc. 17) to dismiss the false marking claim, the defendant argues that the complaint (1) fails to comply with the pleading requirements of Rules 8 and 9(b), Federal Rules of Civil Procedure; (2) fails to allege an injury sufficient to confer standing; and (3) asserts a claim barred by the statute of limitations. The plaintiff responds (Doc. 22) in opposition.

The false marking statute provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). The statute permits any person to sue to enforce the prohibition, "in which event one-half [of the fine] shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b). To state a claim for false marking, the plaintiff must

allege that the defendant "(1) mark[ed] an unpatented article (2) [with] intent to deceive the public. See The Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009).

> Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. '[T]he fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent.'

Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). "The false marking statute is a fraud-based claim, which is subject to the pleading requirements of" Rule 9(b), Federal Rules of Civil Procedure. Juniper Networks v. Shipley, 2009 WL 1381873, at 4 (N.D. Cal. May 14, 2009) (citing Berson v. Applied Signal Tech., Inc., 527 F.3d 982, 987 (9th Cir. 2008) ("[p]laintiffs must 'state with particularity facts giving rise to a strong inference' that defendants acted with the intent to deceive ...."). But see Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (Conway, J.) (noting that "no case law . . . require[s] the Rule 9 level of pleading to claims for false marking.").

The complaint alleges that the defendant "marks patent numbers on toner cartridge products for imaging devices" and that the defendant "knows, or reasonably should know, that marking the Cartridge Products with patents that do not cover the Cartridge Products, or patents that are invalid or expired, will deceive the public." (Doc. 1, ¶¶ 30, 32) Providing only sparse factual detail, the complaint utterly fails to "state with particularity the circumstances constituting fraud." Rule 9(b), Federal Rules of Civil Procedure.

The defendant also argues for dismissal of the false marking claim because the plaintiff "fails to allege an injury-in-fact sufficient to confer standing." However, the complaint alleges that the defendant's false marking is "likely to discourage and/or inhibit competition for the manufacture and sale of toner cartridges to the detriment of Plaintiff, and [to] allow Defendant to demand excessive prices for Cartridge Products offered to the public." (Doc. 1, ¶ 37)  Alleging an injury specific to the plaintiff, the complaint adequately alleges standing.

Finally, the defendant argues that the plaintiff's false marking claim is barred by 28 U.S.C. § 2642, which requires the plaintiff to sue within five years after the claim "first accrued."  The defendant argues that the plaintiff "must assert a violation that first occurred since February 22, 2005 (five years prior to the commencement of this action). To the extent Lexmark first marked its cartridges products with patent numbers prior to February 22, 2005, any false marking claims directed to that conduct is barred in its entirety." (Doc. 17 at 16-17)  However, the false marking statute's "plain language requires the penalty to be imposed on a per article basis. The statute prohibits false marking of 'any unpatented article,' and it imposes a fine for 'every such offense.'" Forest Group, 590 F.3d at 1301.  Accordingly, the relevant date remains the date the defendant marked each article (not, as the defendant suggests, the date the defendant "first marked its cartridges with patent numbers").

The defendant's motion (Doc. 17) to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The motion is **GRANTED** to the extent that count two is **DISMISSED** for failure to state with particularity the circumstances constituting the defendant's alleged

fraud.  The motion is otherwise **DENIED**.  On or before **Friday, July 9, 2010**, the plaintiff may submit an amended complaint that complies with the pertinent pleading standard.

ORDERED in Tampa, Florida, on June 30, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE