UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADVANCED CARTRIDGE
TECHNOLOGIES, LLC,

    Plaintiff,

v.                                                    CASE NO: 8:10-cv-486-T-23TGW

LEXMARK INTERNATIONAL, INC.,

    Defendant.
_____/

**ORDER**

       The plaintiff sues Lexmark International, Inc., for patent infringement and "false patent marking" actionable under 35 U.S.C. § 292. The defendant moves (Doc. 35) for dismissal of the false marking claim because "the false patent marking statute is inapplicable to marking foreign patents on a product sold in the United States." The plaintiff responds (Doc. 38) in opposition. Additionally, the defendant moves (Doc. 36) to stay this action pending resolution of an inter partes re-examination by the United States Patent and Trademark Office (the "PTO"). The plaintiff opposes (Doc. 39) a stay.

<u>Motion to Dismiss the False Patent Marking Claim</u>

       The false marking statute provides that "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). The statute permits any person to sue to enforce the prohibition, "in which

event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b).  To state a claim for false marking, the plaintiff must allege that the defendant "(1) mark[ed] an unpatented article (2) [with] intent to deceive the public.  The Forest Group, Inc. v. Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009).  An "unpatented article" is an article that "is not covered by at least one claim of each patent with which the article is marked." Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005).  For the purposes of determining liability under Section 292, an article covered by an expired patent is "unpatented." See Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed. Cir. 2010).  "Each article that is falsely marked with intent to deceive constitutes an offense under" Section 292.  Forest Group, 590 F.3d at 1301.

The defendant manufactures and sells printers and other imaging devices.  The defendant sells the devices at a competitive price to generate demand for cartridges and other peripheral supplies, which the defendant sells at a higher profit margin. "Recognizing increased competition from re-manufacturers and compatible replacement cartridges, Defendant has claimed broad patent rights to restrain competition by aggressively marking its toner cartridges with extensive lists of patents, most of which do not apply to the product, have expired, or are invalid."  (Doc. 34, ¶ 11)  The complaint alleges that the "foundation of Defendant's strategy to create cost, uncertainty, and apprehension for consumers and competitors is in the lengthy lists of patents marked directly on Defendant's toner cartridges."

The complaint alleges that the defendant knowingly marks cartridges that "are not covered by at least one valid claim of each patent marked thereon." (Doc. 34, ¶ 77) The complaint alleges that the defendant falsely marks the cartridges as part of the scheme to restrain competition in the market for printer cartridges. The plaintiff attaches to the complaint a spreadsheet (Doc. 34-2 at 134) identifying the falsely marked patents on each printer cartridge. The spreadsheet lists seven U.S. patents and twenty-two foreign patents falsely marked on at least one of the defendant's printer cartridges. Identifying the falsely marked cartridges and alleging a scheme to deceive the public and restrain competition in the market for printer cartridges, the complaint sufficiently alleges a violation of Section 392.

The defendant argues that the false marking claim "must fail as a matter of law because foreign patents have no effect in the United States." However, the statute broadly proscribes marking an unpatented article with "the word 'patent' or any word or number importing that the same is patented." 35 U.S.C. § 292(a). The statute provides no exemption for falsely marking an article with a foreign patent. Although a foreign patent may have "no effect" in the United States, the defendant's affixing to a printer cartridge the number of an expired foreign patent "import[s] that the [cartridge] is patented." See Kor-CT, LLC v. Savvier, Inc., 344 F. Supp. 2d 847, 857-58 (D. Conn. 2004) (concluding that Section 292 "prohibits the marking of articles that are not subject to either foreign or domestic patent protection"). The motion (Doc. 35) is **DENIED**.

### Motion to Stay Pending Re-examination by the PTO

On July 22, 2010, five months after the plaintiff commenced this action, the defendant requested inter partes re-examination "of every claim of the patents-in-suit asserted in this case based on prior art references that were not before the PTO, and thus not considered in the decision to grant the claims of the patents-in-suit." (Doc. 36) The next day, the defendant moved to stay this action pending the outcome of the inter partes re-examination.

"Any person at any time may file a request for inter partes reexamination by the [PTO] of a patent on the basis of any prior art" cited to the PTO under 35 U.S.C. § 301. See 28 U.S.C. § 311. Re-examination by the PTO typically settles a validity dispute less expensively than litigation, allows a district court to defer to PTO's expertise on patent validity, and reinforces "investor confidence in the certainty of patent rights by affording the PTO a 'broader opportunity to review doubtful patents." Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602 (Fed. Cir. 1985). A determination whether to stay litigation pending a PTO reexamination requires consideration of whether a stay (1) would unduly prejudice or tactically disadvantage the opposing party, (2) would simplify the issues and streamline the trial, and (3) would lessen the burden of litigation on the court and the parties. See Tap Pharm. Prods., Inc. v. Atrix Labs., Inc., 2004 WL 422697, at *1 (N.D. Ill. March 3, 2004).

The defendant fails to justify a stay. The plaintiff justifiably objects to the prolonged delay attending an inter partes re-examination (which lasts an average of three years), during which the defendant's allegedly unlawful conduct may continue

unabated.  Although the PTO's cancellation of the plaintiff's patents would "streamline the trial," the patented technology does not appear overly complex and litigation in this court appears more expeditious.  Finally, a stay likely will not lessen the burden of litigation because the plaintiff's false-marking claim remains pending regardless of the outcome of the re-examination.  Accordingly, the motion (Doc. 36) for a stay is **DENIED**.

### Conclusion

The motion (Doc. 36) for a stay is **DENIED**, and the deadlines in the May 17, 2010, case management and scheduling order (Doc. 23) are **CONFIRMED**.  The motion (Doc. 35) to dismiss is **DENIED**.  The plaintiff's motion (Doc. 37) for leave to amend the complaint is **GRANTED**.  On or before **August 20, 2010**, plaintiff shall amend the complaint.  On or before **September 3, 2010**, the defendant shall answer the amended complaint.

ORDERED in Tampa, Florida, on August 16, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE