IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Advanced Cartridge Technologies, LLC, a Florida limited liability company, § § § | |
| Plaintiff, § § | |
| vs. § | Case No.: 8:10-cv-00486-SDM-TGW |
| Lexmark International, Inc., a Delaware corporation, § § § § | |
| Defendant. § | |

**DEFENDANT LEXMARK'S FIRST MOTION IN LIMINE:
PRECLUDE ACT FROM INTRODUCING EVIDENCE
ABOUT STEVEN MILLER'S BACKGROUND**

Defendant Lexmark International, Inc. ("Lexmark") respectfully requests an order *in limine* precluding any evidence, testimony, or argument pertaining to Steven Miller's childhood, personal background, and alleged prior homelessness. In the alternative, if Mr. Miller is allowed to open the door to his personal history in this case, Lexmark respectfully requests an order allowing Lexmark to present evidence of Mr. Miller's prior arrests, criminal charges, and other lawsuits. In support of its Motion, Lexmark states as follows:

1. Plaintiff Advanced Cartridge Technologies, LLC ("ACT") filed suit against Lexmark alleging patent infringement.

2. Steven Miller is the sole principal of ACT and the named inventor of the patents-in-suit. According to ACT, Mr. Miller transferred the patents-in-suit to another entity of which he is the sole principal, and then transferred them to ACT.

3.      At his deposition, Mr. Miller testified about his childhood and alleged prior homelessness.  For example, he testified that during his childhood, beginning at age eleven, his mother made him sleep on the garage floor.  *See* Deposition of Steven Miller at 445:4-10, attached as Exhibit "A."  He also testified that at age sixteen his mother no longer allowed him to sleep on the garage floor so he had to sleep in his car.  *Id.* at 445:16-24.  According to Mr. Miller, he "didn't have a home" during the latter years of high school.  *Id.* at 444:24-445:1; *see also* Miller Dep. 24:1-3 ("And I told him that . . . 'at one time in my life, I was homeless, too, and I had to live in a car.'").

4.      This is an action for alleged patent infringement.  Mr. Miller's childhood and alleged prior homelessness are irrelevant to the issues in this case and therefore are inadmissible at trial.  Fed. R. Evid. 401 (evidence is relevant only if it tends to make a *fact of consequence to the determination of the action* more probable or less probable); Fed. R. Evid. 402 (evidence which is not relevant is not admissible).  Mr. Miller's childhood, background, and alleged prior homelessness do not tend to make any fact of consequence to the determination of this case more probable or less probable than it would be without such evidence.  Accordingly, such evidence should be excluded.  *See*, *e.g.*, *Thompson v. State Farm Fire and Cas. Co.*, 34 F.3d 932, 940 (10th Cir. 1994) (excluding evidence of Plaintiff's medical condition in an unrelated claim for real property fire insurance proceeds because the evidence was "irrelevant of itself" and carried the "potential of an inappropriate appeal to the jury's sympathy"); *see also United States v. Moore,* 241 Fed. Appx. 599, 600 (11th Cir. 2007) (unpublished) (excluding evidence because it did not make determination of issue more probable or less probable).

172114 v1

5. Moreover, presenting such evidence or testimony to the jury would unfairly prejudice Lexmark. Fed. R. Evid. 403 (relevant evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). Any *arguable* probative value attributable to evidence of Mr. Miller's childhood or alleged prior homelessness is so miniscule when compared to the potential prejudice to Lexmark that it should be excluded. *See*, *e.g.*, *Thompson*, 34 F.3d at 940; *Commercial Nat. Bank v. Missouri Pac. R. R.*, 631 F.2d 563 (8th Cir. 1980) (holding that testimony of a railroad conductor that he had suffered through the death of two sons was unfairly prejudicial in an action against the railroad alleging negligence of conductor); *see also United States v. Baker et al.*, 432 F.3d 1189, 1219-21 (11th Cir. 2005) (excluding evidence because it had "virtually no probative value" and danger of unfair prejudice was great).

6. In addition to being irrelevant, information about Mr. Miller's childhood, personal background, and homelessness should not be permitted at trial because Lexmark is unable to verify the truthfulness of Mr. Miller's claims. This is a particularly appropriate concern because Lexmark has legitimate, well-founded concerns about Mr. Miller's propensity for truthfulness. Spending time at trial presenting evidence regarding the veracity of such irrelevant information is a waste of time and resources, distracting from the matters at hand, and unduly prejudicial.

7. Alternatively, if ACT is allowed to present evidence of Mr. Miller's childhood or alleged prior homelessness, Lexmark should be allowed to introduce additional evidence of Mr. Miller's personal history to mollify the unfair prejudice. Specifically, Lexmark should be allowed to introduce evidence of Mr. Miller's arrests and criminal charges, *see* Pinellas

County Criminal Justice Information System Records attached as Exhibit "B," as well as Mr. Miller's prior litigation history.  The introduction of Mr. Miller's prior arrests and criminal charges is not barred by the Federal Rules of Evidence because evidence of his prior arrests and criminal charges is not being offered to prove conduct in conformity, c*f.* Fed. R. Evid. 404, but instead would be offered to present a complete and accurate story of Mr. Miller's personal history.

WHEREFORE Lexmark respectfully requests an order precluding any evidence, testimony, or argument regarding Mr. Miller's childhood, personal background, or alleged prior homelessness, or alternatively, an order permitting Lexmark to introduce evidence of Mr. Miller's prior arrests, criminal charges and previous litigation.

Pursuant to Local Rule 3.01(g), counsel for Lexmark certifies that it has conferred with counsel for ACT regarding the relief sought herein.  Counsel for ACT does not agree to the relief sought.

Dated:  February 2, 2012

>Respectfully submitted,
>
>s/David S. Johnson
>Daniel F. Molony     FBN: 27133
>dmolony@shb.com
>David S. Johnson     FBN: 096423
>ddjohnson@shb.com
>Scott W. Anderson   FBN:  0738311
>sanderson@shb.com
>SHOOK, HARDY & BACON L.L.P.
>100 North Tampa Street, Suite 2900
>Tampa, FL 33602-5810
>Telephone:  (813) 202-7100

172114 v1

>Timothy C. Meece
>V. Bryan Medlock, Jr.
>Audra Eidem Heinze
>BANNER & WITCOFF, LTD.
>10 South Wacker Drive, Suite 3000
>Chicago, IL 60606
>Telephone: (312) 463-5000
>
>Christopher B. Roth
>BANNER & WITCOFF, LTD.
>1100 13th Street NW
>Suite 1200
>Washington, D.C. 20005-4051
>Telephone: (202)-824-3000
>*Attorneys for Lexmark International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

>s/David S. Johnson